IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation, | § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. |
| v. | § § | |
| THIND LODGING, LLC, a Texas Limited Liability Company, and DOES 1 through 20 | § § § § § § § § § | COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendants. | § | |

## ORIGINAL COMPLAINT

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its attorneys, Gordon & Rees LLP, and for its Complaint against Defendants Thind Lodging, LLC, and Does 1 through 20 (collectively "Defendants") does hereby allege as follows:

## THE PARTIES

1. Plaintiff Choice Hotels International, Inc. (hereinafter "Choice Hotels" or "Plaintiff") is a Delaware corporation, licensed to conduct business in the State of Texas, and has a principal place of business at 1 Choice Hotels Circle, Rockville, Montgomery County, Maryland.

2. Defendant Thind Lodging, LLC (hereinafter "Thind" or "Defendant") is a Texas Limited Liability Company, with a registered office and principal office address of 24888 I-45 North, The Woodlands, Montgomery County, Texas 77386, and a former franchisee of Choice Hotels.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 20 are unknown at this time. Plaintiff therefore sues

said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

4. Upon information and belief, Thind regularly conducts business activity, and/or at all relevant times conducted business activity, in this state and district, including but not limited to, *inter alia*, engaging in the provision of hotel/motel services at 1350 North Sam Houston Parkway East, Houston, Texas 77032.

5. Upon information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the other Defendants, and, in doing the things herein alleged, was acting within the course and scope of such agency, and with the permission and the consent of its Co-Defendants.

6. Upon information and belief each of the Defendants designated herein as a DOES 1 through 20 is or was responsible in some manner for the happenings and events hereinafter alleged and/or otherwise caused the losses and/or damages as herein alleged.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Upon information and believe, the identities of these DOES 1 through 20 defendants do not impact this court's jurisdiction.

## JURISDICTION AND VENUE

7. This Court has both federal question and diversity jurisdiction over this case.

8. This Court has original jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338(a).

9. This Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

10. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the Lanham

Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

11. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

12. Upon information and belief, each of the Defendants have sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### CHOICE HOTELS AND THE COMFORT FAMILY OF MARKS

14. Choice Hotels is in the business of franchising hotels.

15. Choice Hotels can trace its roots to the 1930's when it was comprised of a small chain of roadside hotels. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

16. Choice Hotels is now a publically traded company with approximately 6,000 franchised hotels.

17. Choice Hotels offers high value, mid-priced, hotel and motel services under such well known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

18. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of COMFORT INN® and COMFORT SUITES® marks for several decades.

19. Choice Hotels is the owner of several United States Trademark Registrations for its "COMFORT family of marks," as is defined herein below.

20. Choice Hotels is the owner of United States Trademark Registration No. 1,788,677 (hereinafter "the '677 Registration") for the COMFORT trademark in International

Class 42.  A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 1</u>, and incorporated herein by this reference.

21. Choice Hotels is the owner of United States Trademark Registration No. 3,050,364 (hereinafter "the '364 Registration") for the COMFORT & Wave Design trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 2</u>, and incorporated herein by this reference.

22. Choice Hotels is the owner of United States Trademark Registration No. 3,240,557 (hereinafter "the '557 Registration") for the COMFORT CARE ESSENTIALS trademark in International Class 3.  A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 3</u>, and incorporated herein by this reference.

23. Choice Hotels is the owner of United States Trademark Registration No. 1,712,481 (hereinafter "the '481 Registration") for the COMFORT HOTEL trademark in International Class 42.  A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 4</u>, and incorporated herein by this reference.

24. Choice Hotels is the owner of United States Trademark Registration No. 3,050,881 (hereinafter "the '881 Registration") for the COMFORT HOTEL trademark in International Class 43.  A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 5</u>, and incorporated herein by this reference.

25. Choice Hotels is the owner of United States Trademark Registration No. 3,050,880 (hereinafter "the '880 Registration") for the COMFORT HOTEL & SUITES trademark in International Class 43.  A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 6</u>, and incorporated herein by this reference.

26. Choice Hotels is the owner of United States Trademark Registration No. 3,231,180 (hereinafter "the '1180 Registration") for the COMFORT HOTEL & SUITES & Wave Design trademark in International Class 43.  A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 7</u>, and incorporated herein by this reference.

27. Choice Hotels is the owner of United States Trademark Registration No. 3,050,860 (hereinafter "the '860 Registration") for COMFORT HOTEL & Wave Design trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as Exhibit 8, and incorporated herein by this reference.

28. Choice Hotels is the owner of United States Trademark Registration No. 1,315,180 (hereinafter "the '5180 Registration") for the COMFORT INN trademark in International Class 42. A true and correct copy of the corresponding Certificate of Registration is attached hereto as Exhibit 9, and incorporated herein by this reference.

29. Choice Hotels is the owner of United States Trademark Registration No. 1,448,467 (hereinafter "the '8467 Registration") for COMFORT INN trademark in International Class 16. A true and correct copy of the corresponding Certificate of Registration is attached hereto as Exhibit 10, and incorporated herein by this reference.

30. Choice Hotels is the owner of United States Trademark Registration No. 3,050,882 (hereinafter "the '882 Registration") for the COMFORT INN trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as Exhibit 11, and incorporated herein by this reference.

31. Choice Hotels is the owner of United States Trademark Registration No. 2,264,702 (hereinafter "the '702 Registration") for the COMFORT INN & SUITES trademark in International Class 42. A true and correct copy of the corresponding Certificate of Registration is attached hereto as Exhibit 12, and incorporated herein by this reference.

32. Choice Hotels is the owner of United States Trademark Registration No. 3,050,883 (hereinafter "the '883 Registration") for the COMFORT INN & SUITES trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as Exhibit 13, and incorporated herein by this reference.

33. Choice Hotels is the owner of United States Trademark Registration No. 3,050,868 (hereinafter "the '868 Registration") for the COMFORT INN & SUITES & Wave Design trademark in International Class 43. A true and correct copy of the corresponding

Certificate of Registration is attached hereto as <u>Exhibit 14</u>, and incorporated herein by this reference.

34. Choice Hotels is the owner of United States Trademark Registration No. 3,050,363 (hereinafter "the '363 Registration") for the COMFORT INN & Wave Design trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 15</u>, and incorporated herein by this reference.

35. Choice Hotels is the owner of United States Trademark Registration No. 3,050,866 (hereinafter "the '866 Registration") for the COMFORT INN & Wave Design (color) trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 16</u>, and incorporated herein by this reference.

36. Choice Hotels is the owner of United States Trademark Registration No. 3,050,877 (hereinafter "the '877 Registration") for the COMFORT RESORT trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 17</u>, and incorporated herein by this reference.

37. Choice Hotels is the owner of United States Trademark Registration No. 3,231,176 (hereinafter "the '176 Registration") for the COMFORT RESORT & Wave Design trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 18</u>, and incorporated herein by this reference.

38. Choice Hotels is the owner of United States Trademark Registration No. 1,712,482 (hereinafter "the '482 Registration") for the COMFORT SUITES trademark in International Class 42. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 19</u>, and incorporated herein by this reference.

39. Choice Hotels is the owner of United States Trademark Registration No. 4,279,333 (hereinafter "the '333 Registration") for the COMFORT SUITES trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 20</u>, and incorporated herein by this reference.

40. Choice Hotels is the owner of United States Trademark Registration No. 3,164,021 (hereinafter "the '021 Registration") for the COMFORT SUNSHINE trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 21</u>, and incorporated herein by this reference.

41. Choice Hotels is the owner of United States Trademark Registration No. 2,665,525 (hereinafter "the '525 Registration") for the CS COMFORT SUITES & Design trademark in International Class 42. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 22</u>, and incorporated herein by this reference.

42. Choice Hotels is the owner of United States Trademark Registration No. 3,449,308 (hereinafter "the '308 Registration") for the CS COMFORT SUITES & Design (color) trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 23</u>, and incorporated herein by this reference.

43. Choice Hotels is the owner of United States Trademark Registration No. 3,050,867 (hereinafter "the '867 Registration") for the Comfort Color Wave Design trademark in International Class 43. A true and correct copy of the corresponding Certificate of Registration is attached hereto as <u>Exhibit 24</u>, and incorporated herein by this reference

44. Since the inception of their use, the trademarks described in paragraphs 20 through 43 above and corresponding exhibits 1 through 24 (hereinafter collectively the "COMFORT family of marks"), have been used by Choice Hotels, its predecessors, and its licensed franchisees in connection with the provision of the highest value hotel and motel services. Each of the COMFORT family of marks are famous and highly distinctive, and are recognized by the public as identifying Choice Hotel's goods and/or services.

45. Choice Hotels has used the COMFORT family of marks throughout the United States and has heavily advertised and promoted them. These marks have developed and represent valuable, substantial, and exclusive goodwill and reputation inuring to Choice Hotel's benefit. Choice Hotels has always exercised great care, skill, and diligence in maintaining uniform standards of high quality for its goods and services bearing the COMFORT family of

marks. The reputation associated with and the goodwill developed in the COMFORT family of marks in the United States are of high value to Choice Hotels.

46. Each registration identified in the COMFORT family of marks, remains active, valid, and enforceable.

## THE CHOICE HOTELS / THIND FRANCHISE AGREEMENT

47. On or about April 27, 2012, Choice Hotels entered into a Franchise Agreement with Thind, which permitted Defendant to operate a COMFORT SUITES® hotel franchise at 1350 North Sam Houston Parkway East, Houston, TX 77032 (hereinafter "the Subject Property"). A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 25.

48. The Franchise Agreement specifically and non-exclusively licensed some or all of the COMFORT family of marks to Defendant only for so long as the Franchise Agreement remained in effect.

49. The Franchise Agreement also provides that Defendant is required to make specified payments to Choice Hotels, including affiliation fees and certain monthly fees, including but not limited to royalty fees, reservation fees, data communication fees, and marketing fees.

50. The Franchise Agreement permitted Choice Hotels to terminate the Franchise Agreement for a variety of reasons including, but not limited to, Defendant's breach of any obligation and/or warranties under the Franchise Agreement or any other instrument or agreement between Defendant and Choice Hotels.

51. Section 11 of the Franchise Agreement provides that upon termination, Defendants must, "[i]mmediately discontinue any and all use of the Marks, or any word or mark similar to the Marks, and refrain from identifying the Hotel as a COMFORT SUITES® hotel or a former COMFORT SUITES® hotel."

**CHOICE HOTELS' TERMINATION OF THE FRANCHISE AGREEMENT**

52. In or about the latter half of 2013 and/or first half of 2014, Thind defaulted under the Franchise Agreement by failing to make certain agreed to changes, repairs, additions and/or upgrades to the Subject Property.

53. On or about July 1, 2014, Choice Hotels sent a written Notice of Default to Thind, advising that Defendant was in breach of the Franchise Agreement based on its "Failure to complete changes and additions to upgrade the Hotel or to cure existing deficiencies as set forth in Section 1 of Attachment A of the Franchise Agreement, and as further described in the attached 'PIP AES Verification List,' dated June 30, 2014." In doing so, Choice Hotels specifically and expressly notified Defendant that if all defaults were not cured within 120 days from the date of the Notice of Default, Choice Hotels, at its option, may terminate the Franchise Agreement.

54. Defendant failed to cure the defaults identified in Choice Hotels' July 1, 2014 letter, and therefore on or about December 3, 2014, Choice Hotels gave Defendant written notice, through its designated agent and address, that Choice Hotels was terminating the Franchise Agreement, "effective immediately." A true and correct copy of Choice Hotels' December 3, 2014 Notice of Termination is attached hereto as Exhibit 26.

55. The December 3, 2014 Notice of Termination also instructed Defendant to stop using any items that bear Choice Hotels' trademarks after the effective date of the termination of the Franchise Agreement, including, but not limited to: DOT Signs, Billboards, Property Signage, Entrance Signage, Building Signage, Local Yellow Page Ad, Airport Advertising, Lobby Display/Backdrop, Owner's plaque, Rate/Hotel Law Cards, Stationery/Guest and Office, Shower Curtains, Fire Evacuation Cards, Soap/Amenity Package, In-Room Organizers, Cups/Glasses, Van Signs, Folios, Domain Names, Name Tags, Ice Buckets, Guest Service Directory, Sani-Bags, Travel Directories, Ashtrays, Phone Plate, Info Caddy, Matches, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards,

Wastebaskets, Sanitary Toilet Strips, Pad/Pencil/Pen, Guest Comment Cards, Manner in Which Phone is Answered, Voice Mail, and Domain Names.

56. After December 3, 2014, Defendant did not comply with the cease and desist demand set forth by Plaintiff in the Notice of Termination and instead, based on information and belief, Defendants continue to use in commerce, without Plaintiff's consent, the COMFORT family of marks in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, and/or to deceive, including but not limited to in, around, and for the Subject Property.

57. A photograph taken at the Subject Property on or about March 13, 2015, reflecting Defendants' use of one or more of the COMFORT family of marks is attached hereto as Exhibit 27.

58. Upon information and belief, Defendants willfully and with full knowledge the Franchise Agreement has been terminated, displayed and used in commerce, and continues to display and use in commerce, one or more of the COMFORT family of marks without Plaintiff's consent.

59. The display and use of one or more of the COMFORT family of marks by Defendants has irreparably damaged, and unless enjoined by this Court will continue to irreparably damage, the value and valuable good will associated with Choice Hotels and the COMFORT family of marks.

**FIRST CLAIM FOR RELIEF**

**Infringement of Federally Registered Trademark (15 U.S.C. § 1114)**
**(Against All Defendants)**

60. Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

61. Choice Hotels is the owner of the COMFORT family of marks which it uses in connection with the provision of hotel and motel services.

62. Choice Hotels licensed the COMFORT family of marks to Defendants, non-exclusively and on a limited basis, as part of the Franchise Agreement, only.

63. Upon information and belief, after termination of the Franchise Agreement and thus the non-exclusive limited license contained therein, and despite receiving notice regarding said terminations and the lack of Plaintiff's authority or consent to any continued or future use of the COMFORT family of marks thereafter, Defendants continued to use, and do continue to use, one or more of the COMFORT family of marks in commerce, including at the Subject Property.

64. Upon information and belief, Defendants had actual knowledge of the COMFORT family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly, willfully, intentionally, and deliberately used in commerce.

65. Defendants' use of the COMFORT family of marks was and/or is likely to cause confusion, mistake, or deception in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

66. The acts of Defendants as described herein constitute infringement and/or contributory infringement of one or more of the COMFORT family of marks.

67. As a direct and proximate cause of the herein-described infringing acts of Defendants, Choice Hotels has been damaged in an amount to be determined at trial, but believed to be in excess of $75,000.00.

68. Choice Hotels is also entitled to recover its damages, the profits of Defendants, and the cost of this action under 15 U.S.C. § 1117.

69. In addition, because Choice Hotels has suffered and will continue to suffer irreparable harm as a result of Defendants' actions, and has no adequate remedy at law with respect to this injury, Choice Hotels is entitled to injunctive relief under 15 U.S.C. § 1116. The acts of Defendants as described herein have caused and will continue to cause serious irreparable

injury to Choice Hotels and to the goodwill associated with the COMFORT family of marks unless restrained and enjoined by this Court.

70. The acts of Defendants as described herein have been knowing, intentional, wanton, willful, malicious, and oppressive, and thus warrant this case being designated as exceptional under 15 U.S.C. § 1117 and the imposition of treble damages and an award of attorneys' fees in favor of Choice Hotels.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin (15 U.S.C. § 1125(a))
### (Against All Defendants)

71. Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

72. Upon information and belief, Defendants had actual knowledge of the COMFORT family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly, willfully, intentionally, and deliberately used in commerce such marks.

73. Defendants' use of the COMFORT family of marks was and/or is likely to cause confusion, mistake, or deception in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

74. Upon information and belief, Defendants used, and continue to use, one or more of the marks in the COMFORT family of marks in commerce.

75. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Defendants, or as to the source, origin, sponsorship, or approval of the services or commercial activities of the Defendants by Choice Hotels.

76. As a direct and proximate cause of Defendants' acts, as described herein, Choice Hotels has been damaged in an amount to be determined at trial, but believed to be in excess of $75,000.00.

77. Choice Hotels is also entitled to recover its damages, the profits of Defendants, and the cost of this action under 15 U.S.C. § 1117.

78. In addition, because Choice Hotels has suffered and will continue to suffer irreparable harm as a result of Defendants' actions, and has no adequate remedy at law with respect to this injury, Choice Hotels is entitled to injunctive relief under 15 U.S.C. § 1116. The acts of Defendants, as described herein, have caused and will continue to cause serious irreparable injury to Choice Hotels and to the goodwill associated with the COMFORT family of marks unless restrained and enjoined by this Court.

79. The acts of Defendants, as described herein, have been knowing, intentional, wanton, willful, malicious, and oppressive, and thus warrant this case being designated as exceptional under 15 U.S.C. § 1117 and the imposition of treble damages and an award of attorneys' fees in favor of Choice Hotels.

## THIRD CLAIM FOR RELIEF

**Texas Common Law Trademark Infringement**
**(Against All Defendants)**

80. Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

81. Defendants have used, and upon information and belief continue to use, marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace, and filed an Assumed Name Certificate with the Secretary of State of Texas stating that Thind is using the name "Comfort Suits" in "ALL COUNTIES" in Texas until May 9, 2022. All of these activities constitute trademark infringement under the common law of the State of Texas.

82. The conduct of Defendants as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law.  Choice Hotels will continue to be so damaged in the absence of relief from this Court.  The acts of Defendants, as described herein, have furthermore been and continue to be knowing, intentional, wanton, willful, malicious, and oppressive, and based on information and belief have resulted from fraud, malice or gross negligence.

## FOURTH CLAIM FOR RELIEF

### Texas Common Law Unfair Competition
### (Against All Defendants)

83. Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

84. Defendants have used, and upon information and belief continue to use, marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace, and filed an Assumed Name Certificate with the Secretary of State of Texas stating that Thind is using the name "Comfort Suits" in "ALL COUNTIES" in Texas until May 9, 2022.  All of these activities constitute unfair competition under the common law of the State of Texas.

85. The conduct of Defendants as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law.  Choice Hotels will continue to be so damaged in the absence of relief from this Court.  The acts of Defendants, as described herein, have furthermore been and continue to be knowing, intentional, wanton, willful, malicious, and oppressive and based on information and belief have resulted from fraud, malice or gross negligence.

**PRAYER FOR RELIEF**

**WHEREFORE**, Choice Hotels requests that this Court enter judgment in its favor, and against Defendants, and each of them, including orders as follows:

A.   That Defendants have each and all infringed, and/or contributorily infringed, and/or induced the infringement of, one or more of the marks in the COMFORT family of marks, including but not necessarily limited to, the marks appearing in: the '677 Registration; the '364 Registration; the '557 Registration; the '481 Registration; the '881 Registration; the '880 Registration; the '1180 Registration; the '860 Registration; the '5180 Registration; the '8467 Registration; the '882 Registration; the '702 Registration; the '883 Registration; the '868 Registration; the '363 Registration; the '866 Registration; the '877 Registration; the '176 Registration; the '482 Registration; the '333 Registration; the '021 Registration; the '525 Registration; the '308 Registration; and the '867 Registration; and any mark(s) confusingly similar thereto or derivative thereof;

B.   That Defendants, jointly and severally, along with their agents, employees, servants, representatives, and attorneys, and all those in active concert or participation with them, be preliminarily, permanently, and forever enjoined from using any of the marks in the COMFORT family of marks, including but not necessarily limited to, the marks appearing in: the '677 Registration; the '364 Registration; the '557 Registration; the '481 Registration; the '881 Registration; the '880 Registration; the '1180 Registration; the '860 Registration; the '5180 Registration; the '8467 Registration; the '882 Registration; the '702 Registration; the '883 Registration; the '868 Registration; the '363 Registration; the '866 Registration; the '877 Registration; the '176 Registration; the '482 Registration; the '333 Registration; the '021 Registration; the '525 Registration; the '308 Registration; and the '867 Registration; and any mark(s) confusingly similar thereto or derivative thereof;

C.   Directing an accounting of profits and damages resulting from Defendants' trademark infringement, and trebling of such damages under the trademark laws because of the knowing, intentional, willful, and wanton nature of Defendants' conduct;

D.  That Choice Hotels be awarded judgment for damages against Defendants, jointly and severally, resulting from violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) respectively, including:

1) all profits received by Defendants as a result of their acts of infringement, false designation of origin, and unfair competition, and other actions complained of herein;

2) all damages sustained by Choice Hotels as a result of Defendants acts of infringement, false designation of origin, and unfair competition, and other actions complained of herein, including but not limited to lost profits, loss of goodwill, and actual damages;

3) the trebling and increase of the damages described above, to three times the amount awarded, in view of Defendants' knowing, intentional, wanton, and willful infringement; and,

4) in light of the deliberate and willful actions of Defendants, the designation of this action an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and expenses incurred by Choice Hotels in this action, pursuant to 15 U.S.C. § 1117, and an award of such relief;

E.  Injunctive relief as a result of Defendants' acts of trademark infringement, unfair competition and false designation of origin, including but not limited to an order requiring Defendants to remove any and all of the COMFORT family of marks from their premises, property, and business operations and enjoining any and all future unauthorized use of same, and an order that Thind be required to file an Abandonment of Assumed Name Certificate for the name "Comfort Suits" with the Texas Secretary of State and any County where Thind filed an assumed name certificate for the name "Comfort Suits."

F.  That Choice Hotels be awarded judgment for money damages, in an amount to be determined at trial, against Defendants, for their violation of applicable Texas common laws;

G. That Choice Hotels be awarded judgment against Defendants for money damages, and three times that amount due to Defendants' bad faith conduct, or any alternative relief under the applicable Texas common laws;

H. That exemplary damages be awarded against Defendants and in favor of Plaintiff;

I That Choice Hotels be awarded its attorneys' fees, costs, and expenses of suit; and

J. That this Court award to Choice Hotels any and all other relief not here enumerated that this Court should deem just, equitable, and/or proper.

### DEMAND FOR JURY TRIAL

Plaintiff Choice Hotels hereby demands a jury trial on all issues as to which a jury is available, as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated:  April 3, 2015.

        Respectfully submitted,

        **GORDON & REES LLP**

        By:   */s/ Mark Thayer*
             MARK THAYER
             Attorney-in-Charge
             Texas State Bar No. 19826050
             Federal Bar No. 7351
             3D/International Tower
             1900 West Loop South, Suite 1000
             Houston, TX 77027
             (713) 961-3366 – Telephone
             (713) 961-3938 – Facsimile
             mthayer@gordonrees.com

        **ATTORNEYS FOR PLAINTIFF CHOICE HOTELS INTERNATIONAL, INC.**